1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2
   EUMI L. CHOI (WVBN 0722)
3  Chief, Criminal Division

4  SUSAN R. JERCH (CSBN 188462)
   Assistant United States Attorneys
5
        450 Golden Gate Ave.
6       San Francisco, California 94102
        Telephone: (415) 436-7158
7       Facsimile: 415-436-7234
        Email: susan.jerich@usdoj.gov
8
   Attorneys for Plaintiff
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,      )  No.: CR 05 00385 VRW
14                                )
              Plaintiff,          )  ORDER FOR DETENTION
15                                )  PENDING TRIAL
         v.                       )
16                                )
                                  )
17 DONOVAN DUREE,                 )
                                  )
18            Defendant.          )
                                  )  SAN FRANCISCO VENUE
19 _____)

20      This matter came before the Court on July 14, 2005 for a detention hearing. Defendant
21 Donovan Duree was present with his counsel, Daniel Blank. Assistant United States Attorney
22 Susan R. Jerich appeared for the government. Both parties proceeded by proffer. Prior to the
23 hearing the Court had reviewed the report of Pretrial Services.
24      Both sides were afforded an opportunity prior to the hearing to review the bail report of
25 Pretrial Services. The government recommended detention on the grounds of both danger to the
26 community and flight risk. Pretrial Services also recommended detention on these grounds.

1  Defendant opposed detention.

2  As discussed below, the Court finds that there was clear and convincing evidence that
3  defendant presents a danger to the community and that no conditions of pretrial release can be
4  fashioned that would adequately protect the community. The Court also finds by a
5  preponderance of the evidence that defendant presents a risk of non-appearance that can not be
6  adequately addressed by any available set of conditions.

7  The proffered facts underlying the indictment in the instant case indicate that the
8  defendant was observed by San Francisco police officers driving his vehicle in a reckless manner.
9  The defendant was initially observed by these officers, who were in uniform and in a marked
10 patrol car, running numerous stop signs in the Bayview district. The defendant ran a red light
11 and narrowly avoided a collision with a MUNI bus. Finally, the defendant eventually collided
12 into a light pole near the intersection of Oakdale and Keith streets.

13 According to the government's proffer, the defendant then got out of his vehicle and
14 began running in the direction of George Washington Carver elementary school. As he began to
15 flee, the defendant looked back at the officers. The officers ordered the defendant to stop.
16 Instead, the defendant kept running, at one point, tripping and falling. The defendant got up and
17 looked back directly at the officers. As he did so, he pulled up his pants and the officers saw the
18 handle of a firearm protruding from the defendant's waistband.

19 With their weapons drawn, the officers continued chasing the defendant and ordered him
20 to stop. The defendant did not comply. However, eventually, the defendant was stopped at a 15'
21 fence located at the south end of the elementary school. The officers observed the defendant
22 throw what was later determined to be a loaded, Uzi assault rifle onto the roof of the school.
23 Inside the defendant's car, the officers discovered .22 caliber and 9 millimeter ammunition.

24 Defendant's record of criminal arrests and convictions establishes a pattern of law
25 violation and inability to conform his conduct to supervision. The record prepared by Pretrial
26 Services for the Court and counsel's review was four pages in length. It evidenced a history of

noncompliance with Court orders and a general lack of amenability to formal supervision. He has 28 contacts with law enforcement, resulting in a probation revocation, one misdemeanor conviction, and five felony convictions. The record reviewed by the Court and counsel contained parole and probation violations and indicated nine prior bench warrants. Moreover, in addition to felony convictions for narcotics sales, the defendant's criminal history revealed a history of arrests involving narcotics, firearms, and other violent offenses including, but not limited to, robbery. Finally, the criminal history indicated more than one incident on which the defendant had been charged with contempt of court. Although arrests are given little weight, the pattern established by his record is extremely troubling.

Pretrial Services noted that the defendant, a twenty-eight year old male, is not presently employed nor has he ever had or maintained any form of lawful employment.

Although defendant's cousin and father have indicated a willingness to serve as sureties, neither have property to post. More importantly, there is no indication that any of these relatives are able to assert control over defendant and prevent the pattern of law violation that pervades his record.

The Court concludes, after a full detention hearing and arguments, that it found that the government had met its burden of demonstrating that the defendant was a flight risk and further, that he posed a danger to the community such that it could not fashion release conditions that would adequately ensure the safety of the community or the presence of Defendant and that Defendant must be detained pending trial in this matter. The Court agrees with the recommendations of Pretrial Services. This Order supplements the Court's findings announced from the bench and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth four factors which the Court must consider in determining whether pretrial detention is warranted. These factors are:

    (1) the nature and seriousness of the offense charged;

DETENTION ORDER          3

1         (2) the weight of the evidence against the person;

2         (3) the history and characteristics of the person including, inter alia, character,

3         employment, family, and criminal history; and

4         (4) the nature and seriousness of the danger to any person or the community that

5         would be posed by the person's release.

With regard to the first factor, the nature and seriousness of the offense charged, a federal grand jury has indicted Defendant for possessing a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). The Court considers the offense to be a serious charge.

Turning to the second factor, the weight of the evidence, this is the least important of the factors, and the bail statute neither requires nor permits a pretrial determination of guilt. *United States v. Gebro*, 948 F.2d 1118, 1121-22 (9th Cir. 1991). The government proffers that Defendant was apprehended after first leading police officers on a reckless vehicle chase ending with defendant's collision into a light pole and then fleeing from police officers at the scene. Eventually, the defendant was trapped by a 15' fence on the property of a public elementary school where he was observed throwing a loaded, Uzi assault weapon onto the roof of the school.

Concerning the history and characteristics of the defendant, the Court notes that Defendant has a significant criminal history with numerous arrests as well as felony and misdemeanor convictions. Defendant has been violated while on parole on at least four occasions and has an equally poor track record while on probation. Defendant's mother and father came forward to act as custodian and surety for defendant. However, neither of these individuals appears to be able to influence defendant's conduct, as defendant has committed numerous offenses during the time period that they would otherwise have been responsible for him. At twenty-eight years of age, the defendant is not currently employed and has never maintained lawful employment of any kind.

With respect to the danger to the community posed by defendant, the Court notes that defendant led police officers on a reckless vehicle chase in which he ran several stop signs, a red

DETENTION ORDER         4

light and eventually collided into a light pole. Further, the defendant fled from police officers and eventually was discovered to have possessed a loaded, Uzi assault rifle. As a result, the Court finds by clear and convincing evidence that Defendant poses a substantial danger to the community. The Court further finds that defendant's past conduct does not demonstrate that he is amenable to supervision.

The Court finds, for all the reasons adduced at the hearing, and including those set forth above, that defendant at present poses a danger to the community and a risk of flight. This ruling is without prejudice to defendant's proposing a different set of release conditions and/or coming forward with further information bearing on his fitness to be released pending a resolution of this matter.

Accordingly, pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

(1) Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: August 1, 2005

EDWARD M. CHEN
United States Magistrate Judge