KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

SUSAN R. JERICH (CSBN 188462)
Assistant United States Attorneys

    450 Golden Gate Ave.
    San Francisco, California  94102
    Telephone:  (415) 436-7158
    Facsimile: 415-436-7234
    Email: susan.jerich@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 05 00385 VRW |
| Plaintiff, | ORDER FOR DETENTION PENDING TRIAL |
| v. | |
| DONOVAN DUREE, | |
| Defendant. | SAN FRANCISCO VENUE |

      This matter came before the Court on July 14, 2005 for a detention hearing. Defendant Donovan Duree was present with his counsel, Daniel Blank. Assistant United States Attorney Susan R. Jerich appeared for the government. Additional hearings were held on August 23, and August 31, 2005. Both parties proceeded by proffer. In addition, the parties filed briefs and submitted documentary evidence pertaining to Mr. Duree's prior arrests and parole revocations. The Court had reviewed the initial and supplemental reports of Pretrial Services.

      Both sides were afforded an opportunity prior to the hearing to review the bail reports of

Pretrial Services. The government recommended detention on the grounds of both danger to the community and flight risk. Pretrial Services also recommended detention on these grounds. Defendant opposed detention.

The facts underlying the indictment in the instant case as proffered by the government are as follows. The defendant was observed by San Francisco police officers driving his vehicle in a reckless manner. The defendant was initially observed by these officers, who were in uniform and in a marked patrol car, running numerous stop signs in the Bayview district. The defendant ran a red light and narrowly avoided a collision with a MUNI bus. Finally, the defendant eventually collided into a light pole near the intersection of Oakdale and Keith streets.

Subsequently, the defendant got out of his vehicle and began running in the direction of George Washington Carver elementary school. As he began to flee, the defendant looked back at the officers. The officers ordered the defendant to stop. Instead, the defendant kept running, at one point, tripping and falling. The defendant got up and looked back directly at the officers. As he did so, he pulled up his pants and the officers saw the handle of a firearm protruding from the defendant's waistband.

With their weapons drawn, the officers continued chasing the defendant and ordered him to stop. The defendant did not comply. However, eventually, the defendant was stopped at a 15' fence located at the south end of the elementary school. The officers observed the defendant throw what was later determined to be a loaded, Uzi assault rifle onto the roof of the school. Inside the defendant's car, the officers discovered .22 caliber and 9 millimeter ammunition.

Defendant's criminal record is lengthy and disturbing. The record prepared by Pretrial Services for the Court and counsel's review was four pages in length. It evidences a history of noncompliance with Court orders and a general lack of amenability to formal supervision. The record contains parole and probation violations and indicates failures to appear in court. Moreover, in addition to felony convictions for narcotics sales, the defendant's criminal history revealed a history of arrests involving narcotics, firearms, and other violent offenses including,

but not limited to, robbery. Finally, the criminal history indicated more than one incident on which the defendant had been charged with contempt of court.

Pretrial Services noted that the defendant, a twenty-eight year old male, is not presently employed nor has he ever had or maintained any form of lawful employment.

The Court concluded, after full detention hearings and argument, that the government had met its burden of demonstrating that the defendant was a flight risk and further, by clear and convincing evidence, that he posed a danger to the community such that it could not fashion release conditions that would ameliorate these concerns. The Court concluded that Defendant must be detained pending trial in this matter. This Order supplements the Court's findings announced from the bench and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth four factors which the Court must consider in determining whether pretrial detention is warranted. These factors are:

    (1)  the nature and seriousness of the offense charged;

    (2)  the weight of the evidence against the person;

    (3)  the history and characteristics of the person including, inter alia, character, employment, family, and criminal history; and

    (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

With regard to the first factor, the nature and seriousness of the offense charged, a federal grand jury has indicted Defendant for possessing a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). The Court considers the offense to be a serious charge.

Turning to the second factor, the weight of the evidence, this is the least important of the factors, and the bail statute neither requires nor permits a pretrial determination of guilt. *United States v. Gebro*, 948 F.2d 1118, 1121-22 (9th Cir. 1991). The government proffers that Defendant was apprehended after first leading police officers on a reckless vehicle chase ending

with defendant's collision into a light pole and then fleeing from police officers at the scene. Eventually, the defendant was trapped by a 15' fence on the property of a public elementary school where he was observed throwing a loaded, Uzi assault weapon onto the roof of the school. Although the least weighty factor, defendant's flight and possession of a loaded automatic weapon indicate he presents a danger and displays disregard for the law.

Concerning the history and characteristics of the defendant, the Court notes that Defendant has a significant criminal history. In the last nine years, he has suffered a felony and two misdemeanor convictions. Significantly, Defendant has been violated while on parole on four occasions and has been revoked twice while on probation. These revocations involved serious or violent crimes and/or possession of firearms. He was charged with absconding from parole and has been held in contempt of court four times. On one occasion in June, 1998, he violated a court order after being found in contempt just the day before.

To be sure, defendant's father, aunt and cousins have come forward to act as custodian and/or surety for defendant. However, these individuals appear not to have been able to influence defendant's conduct, as defendant has committed numerous offenses and violations despite their association with him. Moreover, the supplemental Pretrial Services report indicates an aunt and uncle have declined to serve as surety. The Court also notes that at twenty-eight years of age, the defendant is not currently employed and has never maintained lawful employment of any kind.

With respect to the danger to the community posed by defendant, the Court notes that defendant led police officers on a reckless vehicle chase in which he ran several stop signs, a red light and eventually collided into a light pole. Further, the defendant fled from police officers and eventually was discovered to have possessed a loaded, Uzi assault rifle. Combined with his criminal record, the Court finds by clear and convincing evidence that Defendant poses a substantial danger to the community.

The Court further finds that defendant's past conduct does not demonstrate that he is

DETENTION ORDER                                4

amenable to supervision. The record of parole violations, probation revocations, contempts of court, at least one non-appearance on a DMV matter, as well as his alleged flight in the instant offense establishes such.

The Court finds, for all the reasons adduced at the hearing, and including those set forth above, that defendant at present poses a danger to the community and a risk of flight. This ruling is without prejudice to defendant's proposing a different set of release conditions and/or coming forward with further information bearing on his fitness to be released pending a resolution of this matter.

Accordingly, pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

(1) Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: September 15, 2005

EDWARD M. CHEN
United States Magistrate Judge